**Gene L. ACKERMAN, et al., Plaintiffs,**

**Emil J. Amberboy, et al., Plaintiffs–Appellants,**

**v.**

**FEDERAL DEPOSIT INSURANCE CORP., et al., Defendants,**

**Societe de Banque Privee, f/k/a Saudi European Bank, Defendant–Appellee.**

**No. 90–2529.**

United States Court of Appeals, Fifth Circuit.

April 10, 1991.

Edward K. White, III, and Thomas W. Burch, III, the Woodlands, Tex., for plaintiffs-appellants.

J. Eugene Clements and Stephen B. Schulte, Porter & Clements, Houston, Tex., for defendant-appellee.

Before CLARK, Chief Judge, and RONEY [1] and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

TO THE SUPREME COURT OF TEXAS, PURSUANT TO TEXAS CONSTITUTION ART. 5 § 3–C, and TEX.R. APP.P. 114

TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF:

1. STYLE OF THE CASE.

The style of the case in which this certificate is made is *Gene L. Ackerman, et al., plaintiffs and Emil J. Amberboy, et al., Plaintiffs–Appellants v. Federal Deposit Insurance Corp., et al., Defendants, and Societe de Banque Privee, f/k/a/ Saudi European Bank, Defendant–Appellee*, Case No. 90–2529 in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Southern District of Texas.

2. STATEMENT OF THE CASE.

Plaintiffs/appellants purchased interests in oil and gas limited partnerships formed by Vanguard Group International, Inc. (Vanguard). In consideration for the purchase of a limited partnership interest each appellant made a cash down payment and signed an investor promissory note payable to the limited partnership for the balance of the investment. Several months later

1. Circuit Judge of the Eleventh Circuit, sitting by designation.

**4**

Vanguard sold appellants' notes to appellee, Societe de Banque Privee.

The promissory notes executed by appellants were guaranteed by a bonding company that acted as surety. Upon the failure of appellants to make payments on the promissory notes and following a claim made by appellee to the surety, the bonding company failed and as a consequence was unable to pay the full amount due and owing on appellants' promissory notes.

Appellee then sought payment against the appellants alleging that it was a holder in due course of the appellants' promissory notes. Appellants contend that appellee is not a holder in due course of their promissory notes because those notes are not "negotiable instruments" as defined by the Texas Uniform Commercial Code. They reason that because the interest rate on appellants' promissory notes can be calculated only by reference to a source outside the note itself, a bank's published prime rate, the notes cannot be negotiable instruments.[2] The applicable rate of interest, however, is not an issue as it has been stipulated to by the parties.

Alleging that the partnerships were handled fraudulently, appellants brought suit in state district court in Houston against appellee and numerous other parties on the basis of state and federal securities law violations and common law offenses. The case was removed to the United States District Court for the Southern District of Texas by defendant Federal Deposit Insurance Corporation, as Receiver for First RepublicBank Houston, N.A. successor in interest to InterFirst Bank, San Felipe, N.A. Appellee obtained a summary judgment against appellants based on the district court's finding that appellee was a holder in due course of the appellants' promissory notes.

The district court then certified appellee's summary judgment as final. Appellants unsuccessfully moved to alter and amend the order granting summary judgment and the entry of final judgment. A later motion for reconsideration was also denied and an appeal to this Court of Appeals followed.

3. QUESTION CERTIFIED.

Is a promissory note requiring interest to be charged at a rate that can be determined only by reference to a bank's published prime rate a negotiable instrument as defined by the Texas Uniform Commercial Code?

We disclaim any intention or desire that the Supreme Court of the State of Texas confine its reply to the precise form or scope of the question certified.

---

2. Appellants' promissory notes set forth the following statement regarding the interest to be charged:

Interest on the principal amount remaining unpaid hereunder from time to time outstanding, at a rate per annum equal to the lesser of (a) the rate (the "Basic Rate") which is equal to the sum of the prime interest rate (the "Prime Rate") for short-term loans published by Lender, plus 2 percent (2%) per annum, which Basic Rate shall be variable and shall be adjusted for the term hereof, effective at the close of business on the day of any such change in the Prime Rate; or, (b) the maximum lawful rate of interest (the "Maximum Rate") permitted by applicable usury laws, and, interest shall be due and payable as it accrues on the outstanding balance of principal from time to time, on the same dates as, but in addition to said installments of principal....