**RESOLUTION TRUST CORPORATION as Conservator for Sunbelt Federal Savings, FSB, Plaintiff–Appellee,**

v.

**George Michael MONTROSS, Defendant–Appellant.**

**No. 90–1510.**

United States Court of Appeals, Fifth Circuit.

Oct. 9, 1991.

Robert D. Daniel, Hirsch & Westheimer, Houston, Tex., for amicus curiae, NCNB Texas Nat. Bank.

Richard J. Osterman, Jr., Atty., J. Scott Watson, Sr. Atty., John P. Parker, Sr. Atty., Washington, D.C., for amicus curiae, FDIC.

William S. Montgomery, Houston, Tex., for amicus curiae, Montgomery & Montgomery.

Thomas E. Kurth, John Edwards, Jeffrey S. Rosenblum, Haynes & Boone, Dallas, Tex., for Resolution Trust Corp.

Before REAVLEY, POLITZ, KING, JOLLY, DAVIS, SMITH, DUHÉ, WIENER and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:

■ The panel held that the federal holder in due course status of Sunbelt Savings, transferee of the notes from the Federal Savings and Loan Insurance Corporation as receiver for the insolvent former Sunbelt Savings, does not protect Sunbelt from personal defenses of the maker of a promissory note which was not negotiable from its inception. The panel opinion at 923 F.2d 353 is reinstated, except that we take no position on the effect of the variable interest rate on the negotiability of the note. The maker of the note gave other reasons for the note being non-negotiable, and the case was presented on the appeal with both parties accepting the non-negotiability of the note. Sunbelt's contention to the contrary before the en banc court comes too late. *See Najarro v. First Federal Savings & Loan Ass'n of Nacogdoches, Texas*, 918 F.2d 513, 516 (5th Cir.1990); *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979).

■ The personal defenses to which the maker is entitled must, of course, be based on documents of the savings institution at

Marc S. Culp, Virginia W. Pennington, Sheehan, Young & Culp, Dallas, Tex., for defendant-appellant.

Barry A. Brown, Houston, Tex., for amicus curiae, Los Campeones, Inc.

[*] Judge Thomas Gibbs Gee was a member of the panel that decided this case but resigned from the Court on February 1, 1991, and, therefore, he did not participate in this decision. Chief Judge Clark, and Judges Garwood, Higginbotham, Jones and Barksdale are recused, and therefore, did not participate in this decision.

the time of its insolvency and not upon secret agreements unenforceable under *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). *See Howell v. Continental Credit Corp.,* 655 F.2d 743 (7th Cir.1981).

As recited in the conclusion of the panel opinion, the summary judgment in favor of Sunbelt Savings was premature. The case is remanded for further proceedings.

REVERSED AND REMANDED.