Lillian WASHINGTON, Individually and as Administratrix of the Estate of Arsane Washington, Plaintiff–Appellant,

v.

ARMSTRONG WORLD INDUSTRIES, INC., et al. Defendants–Appellees.

No. 87–4774.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 16, 1988.

Elmo Lang, Pascagoula, Miss., for plaintiff-appellant.

Aultman, Tyner, McNeese, Weathers & Gunn, Jon Mark Weathers, James D. Johnson, Hattiesburg, Miss., for defendants-appellees.

Thomas W. Tardy, III, Jackson, Miss., for Combustion Engineering, Inc.

Richard L. Forman, Walter G. Watkins, Jr., Jackson, Miss., for Celotex Corp., Fibreboard Corp., Owens–Corning Fiberglass

Corp., Owens–Illinois, Inc., Armstrong World Industries, Inc.

Appeal from the United States District Court for the Northern District of Mississippi.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

PER CURIAM:

Lillian Washington filed suit against Armstrong World Industries and other manufacturers of asbestos for damages arising from the death of her husband, Arsane Washington. Mr. Washington died in December 1982 of colon cancer which Mrs. Washington alleges resulted from 32 years of occupational exposure to asbestos. She claims damages under theories of strict liability, negligence and breach of warranty.

Armstrong filed for summary judgment on the basis of affidavits from three physicians. Dr. Gunn, who performed cancer surgery on Mr. Washington, testified that he saw no evidence of asbestos exposure during the surgical procedure and that there was no reasonable basis to conclude that asbestos exposure played a part in the development of Washington's cancer. Dr. O'Neal, who reviewed pathology specimens made available from the surgical procedures, concluded that:

> "Since there were no demonstration of asbestos bodies or asbestos fibers in any tissue examined, there is no pathologic basis to even speculate that asbestos was a factor in the development of this tumor."

Dr. Morris, Mr. Washington's personal physician for many years, testified that at no time during his treatment of Mr. Washington was asbestosis diagnosed or referred to in his medical records.

Mrs. Washington presented no evidence to contradict these affidavits and the district court granted summary judgment for Armstrong and the other defendants. Mrs. Washington then filed a motion to reconsider on the basis of an affidavit submitted by Dr. Comstock, a Texas physician. Dr. Comstock had never actually interviewed or treated Mr. Washington but had reviewed his medical records. He concluded that there was a reasonable medical probability that asbestos exposure caused Mr. Washington's cancer. He based his conclusion on his finding that Mr. Washington had been exposed to asbestos for 32 years and that there was a statistically significant association between asbestos dust inhalation and cancer of the colon. He concluded that Mr. Washington's treating physicians may not have found asbestos fibers in samples of Mr. Washington's tissue because the customary examination procedures used in pathology may not have been sensitive enough to detect asbestos fibers.

The district court reviewed Comstock's testimony and concluded that it was pure speculation and fundamentally unreliable. The court excluded the testimony under Fed.R.Evid. 703. The court stated that the testimony was lacking in reliability and probative value because it was based on possibilities that might exist as a result of lack of certain tests Dr. Comstock could have performed on Mr. Washington while he was alive rather than specific findings or evaluations of test results that were available. Having excluded Comstock's testimony, the court reentered summary judgment for Armstrong and the other defendants. Mrs. Washington appeals the district court's order. We affirm.

The Supreme Court has recently interpreted the standards which should be applied in considering the entry of summary judgment. We consider Washington's appeal under these standards. The Court has stated that Fed.R.Civ.P. 56(c) mandates summary judgment in any case where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact. *Id.* Rule 56(c) requires the district court to enter summary judgment if the evidence favoring the nonmoving par-

ty is not sufficient for the jury to enter a verdict in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). When the moving party has carried his burden under Rule 56(c), his opponent must present more than a metaphysical doubt about the material facts. *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). A claim that further discovery or a trial might reveal facts which the plaintiff is currently unaware of is insufficient to defeat the motion. *Woods v. Federal Home Loan Bank Bd.,* 826 F.2d 1400, 1414–15 (5th Cir.1987).

■ In considering a Rule 56(c) motion opposed by expert testimony, the trial court has broad discretion to rule on the admissibility of the expert's evidence and its ruling must be sustained unless manifestly erroneous. *Crawford v. Worth,* 447 F.2d 738, 740–41 (5th Cir.1971); *Rodriguez v. Olin Corp.,* 780 F.2d 491, 494 (5th Cir. 1986). The district court may inquire into the reliability and foundation of any expert's opinion to determine its admissibility. *Soden v. Freightliner Corp.,* 714 F.2d 498, 502 (5th Cir.1983). In this case, the district court properly excluded Dr. Comstock's expert testimony as unreliable under Fed.R. Evid. 703.

■ Mrs. Washington argues that the court discredited Dr. Comstock's testimony without even examining the facts and reasoning upon which it was based. She argues that Dr. Comstock's affidavit was supported by reliable medical literature and by his own well-documented expertise in toxicology. However, the district court did not exclude Dr. Comstock's affidavit because the data that he used was unreliable or his statistics incorrect. Rather, the district court excluded the affidavit because Comstock never actually concluded that Mr. Washington's cancer was caused by asbestos exposure. He simply states that such a link is statistically probable and cannot be ruled out on the basis of the tests performed by the treating physicians. A plaintiff bringing an action under strict liability, breach of warranty or negligence

action under Mississippi law bears the burden of proving that the deceased sustained an actionable injury *caused* by the acts or omissions of the defendants. *Mozingo v. Correct Mfg. Corp.,* 752 F.2d 168, 176 (5th Cir.1985); *Early–Gary, Inc. v. Walters,* 294 So.2d 181, 186 (Miss.1974). Because Comstock never actually demonstrates causation and never states that he could produce evidence of causation at trial, Mrs. Washington has failed to carry her burden of proof on an essential element. Under *Celotex, Anderson* and *Matsushita,* this failure mandates the entry of summary judgment against Mrs. Washington.

Next, Mrs. Washington disputes the trial court's ruling that Comstock's affidavit was inadmissible under Fed.R.Evid. 703. She states that an expert's opinion is sufficient to create a genuine issue for trial and that a court may not exclude the affidavit simply because it concludes that it is speculative and unreliable.

This court confronted a similar issue in *Viterbo v. Dow Chemical Co.,* 826 F.2d 420 (5th Cir.1987). In *Viterbo,* the court granted summary judgment to Dow Chemical Company in a suit for damages allegedly resulting from Viterbo's exposure to a toxic herbicide. The only evidence Viterbo presented to oppose Dow's summary judgment motion was the affidavit of an expert who opined a link between the patient's depression and his exposure to the herbicide Tordon 10K.

The court ruled that the expert's testimony was inadmissible under Fed.R.Evid. 703 and 403 because the doctor's testimony lacked objectivity, was based solely on the patient's oral history and not examinations, was unsupported by medical literature and failed to establish causation. *Viterbo,* 826 F.2d at 422. The court did not dispute the doctor's qualifications as an expert but rather the foundation and reliability of his expert testimony. *Id.*

■ Similarly, it was within the trial court's discretion to exclude Comstock's testimony because it lacked foundation and was unreliable. Sufficient evidence supports the court's action. Comstock never actually examined Mr. Washington but

merely relied on examinations performed by other physicians who reached different conclusions. While his data linking asbestos exposure to colon cancer must be accepted as accurate for the purposes of the motion, the affidavit failed to demonstrate a link between this data and Washington's cancer. His conclusion that Mr. Washington's death could have been due to asbestos exposure lacked probative value because it was pure speculation based on negative inferences drawn from the testimony of three treating physicians.

For the foregoing reasons, the district court's order granting summary judgment to Armstrong and the other defendants is

AFFIRMED.