**Herman HILL, Jr.**

v.

**ESPLENDER SHIPPING, INC.**

**Civ. A. No. 86–848–B.**

United States District Court, M.D. Louisiana.

Aug. 24, 1988.

Amy E. Grose, George & George, Ltd., Baton Rouge, La., for plaintiff.

John M. Ribarits, New Orleans, La., for intervenor.

Robert H. Murphy, E. Carroll Rogers, Chaffe, McCall, Phillips, Toller & Sarpy, New Orleans, La., for defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

Herman Hill, Jr., a longshoreman employed by Cooper T. Smith Stevedoring Company, Inc., filed this suit pursuant to The Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b), against Esplender Shipping, Inc. ("Esplender"). Plaintiff contends that he was injured while working aboard the vessel M/V PACIFICO MEXICANO.

This matter is now before the court on the motion of the defendant, Esplender, for summary judgment. The court finds that defendant's motion for summary judgment should be granted. It is clear from reviewing the facts in this case that not only was there no negligence on the part of the defendant in this case, but even if there was negligence, the plaintiff has failed to show that the accident was caused by the defendant's negligence.

Plaintiff was injured while loading petcoke and coal into the defendant's vessel. He contends that he fell while walking on top of removable hatch covers (pontoons) which were stacked on the deck of the defendant's vessel. The loading and unloading of the vessel was being conducted by plaintiff's employer, Cooper T. Smith Stevedoring Company. It is clear from the evidence that the shipowner was not involved in the loading operations of the vessel. Plaintiff contends that his fall was caused by the improper stacking and arrangement of the pontoons on the ship's deck.

In response to plaintiff's suit, the defendant has now filed a motion for summary judgment. Defendant denies that it stacked the pontoons in a negligent manner and also contends that the plaintiff has failed to establish that the pontoon arrangement was the cause of plaintiff's fall.

Because this matter is before the court on defendant's motion for summary judgment, the burden is upon the plaintiff, who has the ultimate burden at the trial, to come forward with specific facts showing that there is a genuine issue of material fact for trial. The United States Supreme Court has set forth the standard which the court must follow in determining whether or not a shipowner is negligent in *Scindia Steam Navigation Co. v. De Los Santos,* 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981). The Court stated:

> (The shipowner's) duty extends at least to exercising ordinary care under the circumstances to have the ship and its equipment in such condition that an expert and experienced stevedore will be able by the exercise of reasonable care to carry on its cargo operations with reasonable safety to persons and property, and to warning the stevedore of any hazards on the ship or with respect to its equipment that are known to the vessel or should be known to it in the exercise of reasonable care, that would likely be encountered by the stevedore in the course of his cargo operations and that are not known by the stevedore and

would not be obvious to or anticipated by him if reasonably competent in the performance of his work.

Plaintiff has simply failed to produce any evidence to establish that the defendant breached its duty as a vessel owner nor has the plaintiff submitted evidence which would create a genuine issue of fact as to whether or not the defendant breached its duty as a vessel owner. Under the *De Los Santos* opinion, a shipowner must exercise ordinary care with respect to a ship and its equipment before stevedore operations begin to allow an expert stevedore to carry on its operation with reasonable safety. Obviously it is not necessary for the shipowner to eliminate all hazards that exist on a vessel. It is clear that plaintiff's accident occurred long after the cargo operations had begun. Plaintiff has failed to come forward with evidence to show that the vessel owner failed to exercise ordinary care before turning the vessel over to the stevedore for loading operations. There is no evidence in the record to show that the vessel was in such a condition that the stevedore was unable to carry on its operation with reasonable safety to its longshoremen. Furthermore, there is no evidence in the record that the vessel owner acquired actual knowledge that the vessel or its gear posed an unreasonable risk of harm to the longshoremen after the stevedoring operations had begun. Finally, plaintiff has failed to produce any evidence to establish that if the vessel owner had actual knowledge of such dangers, it acted unreasonably in failing to protect the longshoremen. A review of the record in this case reveals that the hatch covers were clearly obvious to all of the stevedores, including the plaintiff. The covers were stacked on the deck and could be used as a walkway. Whatever the allegations of the plaintiff are insofar as his opposition to the motion is concerned, it is clear that the plaintiff has failed to show that the defendant had actual knowledge the hatch covers stacked on the vessel's deck presented an unreasonable risk of harm or that the shipowner had actual knowledge that the vessel could not rely on the stevedore to protect the longshoremen if an unreasonable

risk of harm existed. Finally, even if there was negligence on the part of the defendant because of the manner in which the hatch covers were stacked, the plaintiff has failed to show a causal connexity between the alleged improperly stacked hatch covers and the plaintiff's accident. Plaintiff testified in his deposition that he did not know what caused him to fall and did not know whether he tripped or slipped on something. Plaintiff testified that he only knew that as he was walking along, he fell down on the hatch cover. Specifically, plaintiff's testimony in his deposition at page 53 to 54 was as follows:

Q. What caused you to fall?

A. I don't know.

  *   *   *   *   *   *

Q. Do you know whether you tripped on something or slipped on something?

A. No, ma'am.

Q. You were just walking along, and the next thing you knew, you were down on the hatch cover?

A. Exactly.

The questions and answers that plaintiff gave in his deposition were similar to those involved in *Stass v. American Commercial Lines, Inc.*, 720 F.2d 879 (5th Cir.1983) wherein the Fifth Circuit Court of Appeals found that similar testimony presented by an injured longshoreman constituted a waiver of the causation issue. *See also* the Fifth Circuit's decision in *Washington v. Armstrong World Industries, Inc.*, 839 F.2d 1121 (5th Cir.1988) wherein the court rejected comparable affidavits as those submitted by the plaintiff in this case. In short, the court finds that by his own testimony the plaintiff has admitted that he does not know why he fell or what caused him to fall on the hatch cover. The plaintiff has the burden of proving not only that the vessel owner was negligent but also must prove that the vessel owner's negligence was a legal cause of the plaintiff's alleged accident.

Finally, there is no evidence in the record to suggest that the defendant had actual knowledge of any coal residue that may have been involved in the accident. Plain-

tiff's accident occurred while the longshoremen were loading the ship with coal. A vessel owner is entitled to rely on the stevedore to perform its job properly, including cleaning the deck as part of its job.

There is simply no evidence presented that the defendant should be liable to the plaintiff for an injury caused by plaintiff's slipping on the very produce he was assigned to load onto the vessel.

Therefore, for the reasons set forth above, the court finds as a matter of fact and law that defendant's motion for summary judgment should be granted.

Judgment shall be entered dismissing plaintiff's suit with prejudice.