Katherine C. NORMAN, etc.

v.

NATIONAL GYPSUM COMPANY, et al.

No. CIV. 3–88–923.

United States District Court,
E.D. Tennessee, N.D.

March 27, 1990.

Paul T. Gillenwater of Gillenwater, Nichol & Ames, Knoxville, Tenn., for plaintiffs.

Robert H. Hood, Robert H. Hood & Associates, Charleston, S.C., R. Hunter Cagle, Kinnerly, Montgomery & Finley, and Hugh B. Bright, Jr., Baker, Worthington, Crossley, Stansberry & Woolf, Knoxville, Tenn., for defendants.

## ORDER

HULL, Chief Judge.

This is a products liability action in which plaintiff Katherine C. Norman contends that her deceased husband developed lung cancer as a result of exposure to asbestos in the work place. The plaintiff's decedent, William Edward Norman worked as a plasterer. He was also a heavy cigarette smoker. The case is now before the Court on a motion for summary judgment, Rule 56(b), Federal Rules of Civil Procedure, filed by defendant W.R. Grace & Co. [Grace] [Doc. 32]. If this motion is granted, it will dispose of the plaintiff's claim against all the defendants.

Grace argues that pursuant to *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), it is entitled to summary judgment because the plaintiff cannot establish an essential element of her case—proof that her husband's lung cancer was caused by his asbestos exposure. Mrs. Norman's case rests on the testimony of pulmonologist Leon J. Bogartz, M.D. who consulted on her husband's case. Based on an x-ray showing a probable lung tumor, and multiple biopsies taken during a bronchoscopy, Dr. Bogartz diagnosed the tumor as a poorly-differentiated adeno-squamous carcinoma. He testified that there was nothing about these cell types that would indicate the cancer's causation. None of the pathology contained evidence of asbestos bodies; in fact, there was no medical evidence of asbestos-related disease in Mr. Norman. Dr. Bogartz gave his opinion that asbestos exposure played a significant part in causing Mr. Norman's cancer based on the statistical correlations between such exposure and cancer of the lungs and the

synergistic effect of the two known irritants—asbestos and cigarette smoke.

Grace calls the Court's attention to the recent Fifth Circuit case of *Washington v. Armstrong World Industries*, 839 F.2d 1121 (5th Cir.1988), in which a district court's grant of summary judgment was upheld on very similar facts. In *Washington,* an expert who had never actually examined the plaintiff's decedent testified that, based on the high statistical correlation between asbestos dust exposure and cancer of the colon, there was a reasonable medical probability that asbestos exposure caused Mr. Washington's cancer. In the absence of any medical findings in the pathology specimens indicating the presence of asbestos fibers in the decedent's body, the Court found the conclusion to be purely speculative.

In opposing the summary judgment motion, Mrs. Norman argues that her cases is different from *Washington* because Dr. Bogartz actually examined her husband and because he was willing to conclude, based on her husband's history of exposure, that asbestos *was* a causative factor.

It appears to the Court that any time a person who has been exposed to asbestos in the work place subsequently is found to have cancer, there will be a reasonable medical probability that the asbestos exposure caused the cancer. However, this statistical correlation standing alone, in the absence of any medical evidence of asbestos fibers in the cancer victim's body, should not give rise to liability. The Court agrees with defendant Grace that the plaintiff's proof is insufficient to meet her burden of proof on the issue of causation.

Accordingly, Grace's motion for summary judgment is hereby GRANTED and this action is DISMISSED as to all parties.