See also 831 F.Supp. 574.

**Trevis Jerel WRIGHT, A Minor, By and Through Dewayne WRIGHT, Father and Next Friend, Plaintiff,**

v.

**ILLINOIS CENTRAL RAILROAD COMPANY, and National Railroad Passenger Corporation, d/b/a AMTRAK, Defendants.**

**The ESTATE OF Uneka Johnson WRIGHT, Deceased, By and Through Alma M. JOHNSON, Administratrix, and on Behalf of The Wrongful Death Beneficiaries, Plaintiff,**

v.

**ILLINOIS CENTRAL RAILROAD COMPANY, National Railroad Passenger Corp. (AMTRAK), Don Crimmin, Mid–South Auction, Inc., and the Philly Group, Inc., Defendants.**

Civ. A. Nos. 3:92–CV–800BN, 3:93–CV–207BC.

United States District Court, S.D. Mississippi, Jackson Division.

Nov. 21, 1994.

Davey L. Tucker, Davey L. Tucker, Halbert E. Dockins, Jr., Halbert E. Dockins, Jr., Jackson, MS, for Dewayne Wright.

Thomas R. Frazer, II, Lanston Frazer Dockins & Sweet, Halbert E. Dockins, Jr., Halbert E. Dockins, Jr., Jackson, MS, for Alma M. Johnson.

Charles T. Ozier, George H. Ritter, John W. Robinson, III, Wise, Carter, Child & Caraway, Jackson, MS, for Illinois Central R. Co. and Nat. R.R. Passenger Corp.

Charles Greg Copeland, Gregory L. Kennedy, Copeland, Cook, Taylor & Bush, Jackson, MS, for The Philly Group, Inc.

Edward J. Currie, Jr., Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, for Mid–South Auction, Inc.

Charles T. Ozier, Wise, Carter, Child & Caraway, Jackson, MS, for Don Crimmin, AMTRAK.

### OPINION AND ORDER

BARBOUR, Chief Judge.

Before the Court is the Motion of Defendants Illinois Central Railroad Company ("ICRR"), National Railroad Passenger Corporation ("AMTRAK"), and Don Crimmin ("Crimmin," an engineer for AMTRAK) for Partial Summary Judgment [105–1]. Defendants claim they are entitled to summary judgment on all of Plaintiffs' claims based on excessive train speed. Plaintiffs have responded. The Court, having considered the

Motion, response, supporting memoranda, and case file, finds the Motion is well taken and should be granted.

Also before the Court is the Plaintiffs' Motion for Sanctions, Suppression of Evidence, and Permission of Inference to Be Drawn Due to Spoliation of Evidence [102–1]. Defendant ICRR has responded. The Court, having considered the Motion, response, supporting memoranda and case file, finds the Plaintiffs' Motion for Sanctions is not well taken and should be denied.

# I. SUMMARY JUDGMENT MOTION OF DEFENDANTS

## A. *BACKGROUND*

On November 30, 1992, Uneka Johnson Wright ("Wright") was driving an automobile in a southerly direction on Highway 51 in or near the northerly city limits of Jackson, Mississippi. As Wright turned to the west off the highway and attempted to cross a north/south rail line at a private crossing, she collided with an AMTRAK train and was killed. The parties agree that the train was travelling southbound, and as it approached the city limits of Jackson, was travelling approximately 79 miles per hour. The uncontradicted testimony of Don Crimmin establishes that, about a half mile before it reached the crossing, the engineer (Crimmin) made a service application of the train brakes, and speed tapes indicate that when the train struck Wright's automobile the train was travelling over 60 miles per hour, but less than 79 miles per hour.

The collision gave rise to two lawsuits, originally filed in State Court. The first, *Trevis Jerel Wright, a Minor, By and Through Dewayne Wright, Father and Next Friend v. Illinois Central R.R. and Nat'l R.R. Pass. Corp., d/b/a AMTRAK,* was filed on December 10, 1992, in Hinds County Circuit Court. This suit, brought by the decedent's ex-husband as father of her only surviving heir, was ultimately removed to this Court. The second suit, *The Estate of Uneka Johnson Wright, Deceased, By and Through Alma M. Johnson, Administratrix, and on Behalf of the Wrongful Death Beneficiaries v. Illinois Central R.R. Co., Nat'l*

*R.R. Passenger Corp. (AMTRAK), Don Crimmin, Mid–South Auction, Inc., and the Philly Group, Inc.,* was filed on January 22, 1993, in Hinds County Circuit Court by the decedent's mother as administratrix of her estate, and was also removed to this Court. Both cases were consolidated by Order of this Court on March 10, 1994. Plaintiffs filed an Amended Complaint on March 18, 1994, and added The Philly Group, Inc. as a Defendant. The Court, by Order of November 18, 1994, granted summary judgment in favor of The Philly Group, Inc., and Mid–South Auction, Inc., and they are no longer parties to this lawsuit.

In their Amended Complaint Plaintiffs allege that ICRR was negligent for, among other reasons, operating the train at an excessive speed just prior to and at the time of the collision that killed Wright. The "excessive speed" claims are the subject of Defendants' summary judgment motion. Defendants argue that regulations promulgated under the Federal Railroad Safety Act of 1970 ("FRSA," set forth in 49 C.F.R. 213), including track classifications and maximum allowable speed, govern the segment of track where the collision took place (between Mileposts 720 and 721.2). Defendants argue that, because it is undisputed that the train was travelling within FRSA regulations, and because the Supreme Court has held that compliance with these federal regulations preempts any state causes of action based on excessive speed, they are entitled to summary judgment as a matter of law.

## B. *SUMMARY JUDGMENT STANDARD*

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to

establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122 (5th Cir.1988).

 The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–324, 106 S.Ct. at 2552–53. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553.

 Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir.1980). Summary judgment is improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir.1962).

## C. *DISCUSSION*

 Defendants argue that the Plaintiffs' negligence actions based on alleged excessive train speed are preempted by federal law. The Court agrees. The Secretary of Transportation has issued regulations, codified at 49 C.F.R. § 213.9(a), that set the maximum speed limits for passenger trains on the different classes of track on which they travel. These regulations preempt state common law claims based on excessive speed. *CSX Transportation, Inc. v. Easterwood,* —— U.S. ——, ——, 113 S.Ct. 1732, 1744, 123 L.Ed.2d 387, 404 (1993). In *Easterwood* the Supreme Court observed:

> On their face, the provisions of 213.9(a) address only the maximum speeds at which trains are permitted to travel given the nature of the track on which they operate. Nevertheless, related safety regulations adopted by the Secretary reveal that the limits were adopted only after the hazards posed by track conditions were taken into account. Understood in this context of the overall structure of the regulations, the speed limits must be read as not only establishing a ceiling, but also precluding additional state regulation of the sort which [Easterwood] seeks to impose on [the defendant railroad].

*Easterwood,* —— U.S. at ——, 113 S.Ct. at 1742, 123 L.Ed.2d at 402–403.

In the instant case, the uncontradicted evidence demonstrates that the tracks where the accident occurred were Class 4 tracks. Under the speed regulations of 49 C.F.R. § 213.9(a), the maximum speed limit on this class of track is 80 miles per hour. The speed tapes and sworn testimony of Engineer Crimmin indicate that the train was travelling within the FRSA speed limit at all times prior to the collision. Plaintiffs offer no proof to the contrary.

Plaintiffs instead argue that internal policies of Defendants, allegedly requiring railroad operators to comply with Jackson municipal speed ordinances, create a genuine issue of material fact as to Defendants' negligence. The same argument was made to, and rejected by, the Federal District Court for the District of South Carolina. That Court, in a post-*Easterwood* decision, wrote,

> Although a defendant's internal policies may be evidence of due care in a typical negligence action, that issue merely goes to the state common-law of negligence. Because this court determines that state law regarding train speed is preempted,

evidence of the defendant's internal policies about train speed is irrelevant.

*Bowman v. Norfolk Southern Ry. Co.*, 832 F.Supp. 1014, 1017 (D.S.C.1993) (internal citations omitted). This Court agrees, and rejects Plaintiffs' argument that internal policies inconsistent with the controlling federal speed regulations somehow create issues of negligence due to excessive speed.

■ Plaintiffs also argue that state law regarding train speed is not preempted because the crossing at issue in this case presented an essentially local hazard. The preemption clause of the FRSA contains a savings clause, which provides,

> A State may adopt or continue in force an additional or more stringent law, rule, regulation, order, or standard relating to railroad safety when necessary to eliminate or reduce an essentially local safety hazard, and when not incompatible with any Federal law, rule, regulation, order, or standard, and when not creating an undue burden on interstate commerce.

45 U.S.C. § 434 (1988). Plaintiffs apparently seek to avoid preemption by claiming the crossing here is "extrahazardous" because of "vegetation, grade and angle of the crossing, and inadequate warnings...." Pls.' Mem. Br. at 9.

However, both the Supreme Court and the district court in *Bowman* rejected nearly identical arguments. In *Easterwood* the Supreme Court noted:

> The state law on which [Easterwood] relies is concerned with local hazards only in the sense that its application turns on the facts of each case. The common law of negligence provides a general rule to address all hazards caused by lack of due care, not just those owing to unique local conditions. [Easterwood's] contrary view would completely deprive the Secretary of the power to pre-empt state common law, a power clearly conferred by § 434.

*Easterwood*, ―― U.S. at ――, 113 S.Ct. at 1743, 123 L.Ed.2d at 403–04. This Court again agrees with the conclusion of the *Bowman* Court that, were the Court to accept Plaintiffs' argument concerning this "local hazard exception," the exception would swallow the clear intent of the FRSA to preempt state law. *Bowman*, 832 F.Supp. at 1018; *accord, Williams v. Alabama Great So. R.R. Co.*, 1994 W.L. 419863, *2 (E.D.LA., August 8, 1994).

Further, as the Eleventh Circuit Court of Appeals observed in its review of the *Easterwood* case, "[T]he legislative history [of the FRSA] makes it abundantly clear that this savings clause is to be narrowly construed." *Easterwood v. CSX Transportation, Inc.*, 933 F.2d 1548, 1553 n. 3 (11th Cir.1991) (citing H.Rep. No. 1194, 91st Cong., 2d Sess. 11 (1970)). Plaintiffs' common-law theory of negligence for failure to slow a train under certain circumstances (where "local hazards" exist), would amount to a statewide rule. The Court holds that the narrow exception provided by the savings clause for "local safety hazards" cannot be applied to uphold the application of such a statewide rule. *Accord, Norfolk & Western Ry. Co. v. Public Utilities Commission*, 926 F.2d 567, 571 (6th Cir.1991); *Bowman*, 832 F.Supp. at 1018. Because the crossing at which the collision in this case occurred is not "an essentially local safety hazard," the savings clause is not applicable here.

■ Finally, the Court holds that the testimony of Plaintiffs' expert Otto Melsa, to the effect that FRSA regulations only pertain to open tracks, and not to tracks within municipal or residential districts, does not create a genuine issue of material fact. This assertion by Melsa is unsupported by law or statute, and amounts to no more than the legal conclusion of Plaintiffs' witness, which is inadmissible to defeat a summary judgment motion. *See Orthopedic & Sports Injury Clinic v. Wang*, 922 F.2d 220, 225 (5th Cir. 1991) ("unsupported ... affidavits setting forth ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment.") (citations omitted). A reading of 49 C.F.R. § 213.9(a) discloses no mention of an "open countryside" exception for tracks in urban areas. The Court holds that the conclusory allegations of Plaintiffs' expert on this issue fail to create a genuine issue of material fact sufficient to withstand Defendants' motion for summary judgment.

## D. CONCLUSION

Consistent with the foregoing opinion, the Court holds that Plaintiffs' claims based on excessive speed are foreclosed by the preemptive effect of regulations promulgated by the Secretary of Transportation, codified at 49 C.F.R. § 213.9(a). In addition, the Court holds that the circumstances of this case do not serve to bring Plaintiffs' cause of action within the savings clause contained in 45 U.S.C. § 434. The speed of Defendants' train was not in excess of that allowed by the FRSA, and Defendants are therefore entitled to summary judgment on all of Plaintiffs' claims based on the alleged excessive speed of the train.

## II. PLAINTIFFS' MOTION FOR SANCTIONS

■ Plaintiffs have moved this Court to impose sanctions on Defendants, suppress certain evidence, and give Plaintiffs permission to draw adverse inferences, due to the alleged spoliation of certain evidence by the Defendants. Plaintiffs claim that certain maintenance reports, requested to be produced under Federal Rules of Civil Procedure 26(a)(1)(B) and 30(b)(1), were destroyed some ten months after Plaintiffs filed their Complaint. Further, they claim the documents were relevant and discoverable, and Defendants' destruction of the records was willful and malicious.

At first blush, Plaintiffs' allegations seem meritorious. A simple examination of the chronology leading to the destruction of the requested records, however, leads the Court to a different conclusion. The records in question were the reports for the November 1992 track inspections of the segment of track where Wright was killed. Defendants have produced undisputed testimony that said records routinely were maintained for a period of twelve months, in accordance with FRSA regulations. They admit the records were destroyed in November 1993, in accordance with normal office procedures, under the direction of Mr. Larry Anderson. Anderson states in his affidavit that he was unaware of this lawsuit when he destroyed the records. There is no evidence to contradict this. Further, the Court finds from the record before it that the reports were destroyed almost seven months before Plaintiffs filed their First Request for Production of Documents, in June 1994 (one and one half years after Plaintiffs filed their lawsuit).

■ Plaintiffs claim they should be allowed to draw an adverse inference from Defendants' destruction of this evidence. The Court disagrees. Such an inference may be drawn only where documents have been destroyed in bad faith. *Vick v. Texas Employment Comm'n*, 514 F.2d 734, 737 (5th Cir.1975), *reh'g denied*, 520 F.2d 944. This Court holds that the records that are the subject of the Plaintiffs' motion were destroyed under routine procedures, without bad faith, and well in advance of Plaintiffs' Request for Production of Documents. Consequently, Plaintiffs' Motion for Sanctions is denied.

## III. CONCLUSION

The Court holds that the claims of the Plaintiffs based on Defendants' alleged excessive speed are barred by the preemptive effect of federal law. The Court further holds that Plaintiffs have failed to prove that certain records destroyed by Defendants were destroyed in bad faith, thereby giving rise to sanctions.

IT IS THEREFORE ORDERED that partial summary judgment is hereby granted in favor of the Defendants, Illinois Central Railroad Company, National Railroad Passenger Corporation (AMTRAK), and Don Crimmin, on all claims of the Plaintiffs based on allegations of excessive train speed.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Sanctions, Suppression of Evidence, and Permission of Inference to Be Drawn Due to Spoliation of Evidence, is hereby denied.

SO ORDERED.