Dale MORRISON

v.

**CHILTON PROFESSIONAL
AUTOMOTIVE, INC., et
al.**

Civil No. A–96–CA–650 JN.

United States District Court,
W.D. Texas,
Austin Division.

Sept. 8, 1997.

Michael W. Jackson, San Antonio, TX, Daniel P. Neelon, San Antonio, TX, for Plaintiff.

Richard R. Brann, Baker & Botts, Houston, TX, Mark R. Robeck, Susan Denmon Gusky, Baker & Botts, Austin, TX, for Defendants.

## ORDER AND PARTIAL JUDGMENT

NOWLIN, District Judge.

Before the Court is Defendants' Motion for Partial Summary Judgment filed on June 30, 1997 (Clerk's Doc. No. 58). Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment was filed on August 7th (Doc. No. 70). Defendants filed their Reply to Plaintiff's Opposition on August 8th (Doc. No. 73), and Plaintiff filed his Response to Defendants' Objections to Plaintiff's Summary Judgment Evidence on August 11th (Doc. No. 74). Upon review of the Defendants' Motion, the responsive materials filed, the applicable legal authorities and the entire case file, the Court enters the following Order.

As an initial matter, Plaintiff filed, on August 18th, a Motion for Leave to File Six–Page Supplemental Opposition to Defendants' Motion for Partial Summary Judgment and Defendants' Reply to Plaintiff's Opposition. In addition to the six-page response, Plaintiff attached several hundred pages of exhibits and documents. Defendants filed a response to this request on August 18th. The Court finds that Plaintiff's two other responses adequately complete the record on this matter. Plaintiff's documents filed on August 18th are out-of-time and the Court finds no good cause to allow for the filing of these materials. Accordingly, leave to file the supplemental opposition will be denied.

## BACKGROUND

Plaintiff brings this lawsuit against Defendants and asserts 13 separate causes of action. The claims arise out of Plaintiff's relationship with Chilton Professional Automotive, Inc. ("CPA") and Chilton Company ("Chilton"). Plaintiff was an independent sales representative and sold automotive repair guides and other CPA products. Plaintiff claims that he was a franchisee and acquired exclusive rights from the Chilton Book Company—who is now Defendant Chilton Company. Plaintiff further claims that Defendants developed a plan around 1991 to eliminate their agents' franchise and exclusivity rights and implemented a "scheme" to run Plaintiff out of business. Defendants request summary judgment on several of Plaintiff's claims.

## SUMMARY JUDGMENT STANDARD

A party moving for summary judgment has the burden of showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). As the party moving for summary judgment, Defendants bear the initial burden of showing the basis for the motion, and of identifying the pleadings and evidence which it believes demonstrates the absence of a genuine issue of material fact. *Washington v. Armstrong World Industries, Inc.*, 839 F.2d 1121 (5th Cir.1988). Once a summary judgment motion is made and properly supported, the non-movant must go beyond the pleadings and designate specific facts in the

record showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Although the non-movant may satisfy this burden by tendering depositions, affidavits and other competent evidence, "[m]ere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment." *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.), *cert. denied,* 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). Pleadings are not summary judgment evidence. *Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1047 (5th Cir.1996).

ANALYSIS

■ Defendants first urge that summary judgment should be granted on Plaintiff's intentional infliction of emotional distress claim. As the Court recognized in its previous Order, conduct occurring in the employment context or a contractual relationship will give rise to an independent claim for intentional infliction of emotional distress only in the most unusual circumstances. Upon review of the record, the Court finds as a matter of law that Plaintiff cannot demonstrate the elements of such a claim. *See Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex.1993).

■ Plaintiff points to no specific facts in support of his claim other than generally referencing an appendix of facts. Plaintiff's "Factual Summary of the Scheme and Emotional Distress from the Three Exhibits," attached as Exhibit A, does not raise a genuine issue of material fact as to whether Defendants' conduct was "extreme or outrageous," as required to establish liability. *See Ward v. Bechtel Corp.,* 102 F.3d 199, 203 (5th Cir.1997). Accordingly, the Court will grant summary judgment against Plaintiff on his intentional infliction of emotional distress cause of action.

■ Defendants next request that the Court grant summary judgment on Plaintiff's claim for a declaration that the Defendants violated the Texas Business Opportunity Act ("BOA") and derivative claim under the Texas Deceptive Trade Practices Act ("DTPA").

The BOA imposes mandatory disclosures and attempts to protect persons against false, misleading, or deceptive practices in the sale or lease of business opportunities. TEX.REV. CIV. STAT. ANN. art 5069–16.01 to 16.17 (Vernon 1987 & Supp.1997). The BOA grants a specific cause of action under the DTPA. *Id.* § 16.15(b). For a venture to be characterized as a "business opportunity" under the Act, the purchaser must make an initial payment to the seller in excess of $500. *Id.* § 16.05(2)(A). This "initial consideration" is defined as "the total amount a purchaser is obligated to pay under the terms of a business opportunity contract prior to or at the time of delivery of the equipment, supplies, products, or services or within six months of the purchaser commencing operations of the business opportunity plan." *Id.* § 16.05(10).

Plaintiff claims that his BOA claim relates to the 1992–1996 Contracts and the Reconfiguration Contract. Plaintiff asserts that he signed each of the 1992–1996 contracts due to duress, coercion and fraud, which raises a material fact issue over the validity of certain terms of the contracts. Plaintiff apparently limited his claims to the 1992–1996 contracts after Defendants filed their summary judgment motion. Plaintiff filed a Third Amended Complaint on August 7, 1997. Nevertheless, Defendants argue that the "initial consideration" required by the Act was paid by Plaintiff in 1980. Because the Business Opportunities Act was not enacted until 1981, Defendants argue that the Act is inapplicable to this situation. Defendants also argue that Plaintiff paid nothing for the right to sell Chilton books. Rather, Plaintiff paid a refundable bond to secure the credit he was extended for book orders. Defendants argue that the bond does not constitute the "initial consideration" required by the Act.

The Court finds that Defendants' arguments have merit. According to Plaintiff, the 1992–1996 contracts primarily contained termination and territory modification language. The business venture between these Parties began in 1980, before the BOA was enacted. The BOA contemplates protection for purchasers who use the items sold or leased by the purchaser to begin a business

and does not apply if the purchaser is involved in an existing business. Plaintiff has operated his agency continuously since 1980, and Plaintiff has not paid a subsequent bond or consideration since that date. Thus, the BOA is inapplicable to Plaintiff's situation.

■ Furthermore, and in the alternative, the Court finds that no business opportunity was sold to the Plaintiff. Plaintiff paid no money for the right to sell Chilton books. Rather, Plaintiff provided a refundable bond to secure the cost of inventory. Thus, the BOA does not apply to the transaction. Plaintiff's attempt to characterize the Defendants' 1995 CD–ROM as a separate business opportunity similarly fails. Plaintiff made no payment to Defendants for the right to sell the CD product. Finally, assuming all Plaintiff's claims are properly asserted under the BOA, the Court finds that the claims are barred by the applicable statute of limitations. Accordingly, the Court finds that Defendants are entitled to summary judgment on Plaintiff's claim under the Texas Business Opportunities Act.

■ Defendants next request summary judgment on Plaintiff's request for declaratory relief, pursuant to 28 U.S.C. § 2201, regarding the contractual relationship between the Parties. Plaintiff requests a declaratory judgment that he is a franchisee under 16 C.F.R. § 436.2. Thus, the Court must determine whether the federal Franchise Rule applies to the facts of this case. This question necessarily requires the Court to assess whether the Plaintiff has shown that a franchise exists. The Franchise Rule defines a franchise as a "continuing commercial relationship," 16 C.F.R. § 436.2(a), in which (1) the franchisee offers or sells a product or service (a) that is identified by "a trademark, trade name, advertising or other commercial symbol designating [the franchisor],["] *Id.* § 436.2(a)(1)(i)(A)(1) ... (2) the franchisor provides or promises to provide "significant assistance to the franchisee" in the latter's business or method of operation, *Id.* § 436.2(a)(1)(i)(B); and (3) the franchisee is required to pay or commit to pay more than $500 as a condition of commencing business. *Id.* § 436.2(a)(3)(iii).

Defendants urge summary judgment based on Plaintiff's deposition testimony that he never paid for the right to sell Chilton books. Plaintiff testified that he provided a refundable bond to cover the cost of the books he purchased on credit. Defendants argue that Plaintiff's deposit was security for the credit terms extended to him and thus did not constitute a payment within the meaning of section 436.2. The Court agrees with Defendants' position. Plaintiff, by his own admission, did not execute a performance bond—that is, a bond against which Defendants could recover revenue if Plaintiff did not meet certain minimum performance requirements. Rather, if Plaintiff sold no books, he could return the books to Defendant and the deposit would be returned. Thus, the Court finds that the deposit was not a "payment" within the meaning of the Franchise Rule.

■ Defendants also request summary judgment on all Plaintiff's claims that depend upon the existence of special or fiduciary relationships. Specifically, Plaintiff asserts claims for Constructive Fraud, Breach of Implied Covenant and/or Duty of Good Faith and Fair Dealing in Franchise Relationship, Breach of Fiduciary Duty and Breach of Implied Covenant/Duty of Good Faith and Fair Dealing in Contracts. The Court addresses each claim in turn.

With regard to Plaintiff's constructive fraud claim, the Court finds that summary judgment is appropriate. To recover for constructive fraud, the Plaintiff must show that the Parties had a long-standing fiduciary or confidential, trusting relationship "unrelated to the subject transaction." As discussed below, the Court does not find the existence of a fiduciary or confidential relationship. Furthermore, Plaintiff's relationship with Defendants arose solely from the transactions at issue in this lawsuit, Thus, the Court will grant summary judgment in Defendants favor on Plaintiff's constructive fraud claim.

■ Plaintiff also asserts a claim for Breach of Implied Covenant/Duty of Good Faith and Fair Dealing in Contracts. Defendant interprets Plaintiff's claim as a tort claim because Plaintiff asserts a separate claim for breaches of contract and Plaintiff seeks exemplary damages in connection with

the claim. The Court agrees that, under either Texas law or Pennsylvania law, there is no general duty of good faith and fair dealing in contracts that gives rise to a tort claim. Furthermore, as discussed below, the Court finds no fiduciary or special relationship between these Parties. Thus, summary judgment on the claim is proper.

 Plaintiff also asserts a claim for Breach of Duty of Good Faith and Fair Dealing in a Franchise Relationship. The Court finds Plaintiff cannot survive summary judgment on this claim as well. Texas law does not recognize a duty of good faith and fair dealing in a franchise relationship. *See Crim Truck & Tractor v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 594 (Tex.1992). Pennsylvania does not recognize a fiduciary relationship in the franchise relationship absent a special relationship. As discussed below, the Court finds no fiduciary or special relationship between these Parties. Thus, summary judgment on this claim is proper.[1]

 Finally, Plaintiff asserts a cause of action for Breach of Fiduciary Duty. As noted above, the claim for a franchise relationship does not on its own create a fiduciary relationship between theses Parties under Texas or Pennsylvania law. To prove the existence of such a relationship, a litigant must show that the parties shared a heightened degree of trust and confidence that surpasses what is customarily shared between business associates. Defendants have provided competent summary judgment evidence supporting their contention that their relationship with Plaintiff did not contain any heightened degree of trust and/or confidence. In fact, Defendants provided evidence of Plaintiff's distrust for Defendants and its employees. In response, Plaintiff has not provided the Court with sufficient competent evidence to survive summary judgment on this claim. Accordingly, summary judgment is granted on Plaintiff's Breach of Fiduciary Duty claim.

 Plaintiff makes an alternative claim that he was an employee of Defendants from 1992 to 1997. Plaintiff agrees that he was an independent contractor until 1992 but argues that changes occurred that resulted in Defendants' extensive control over him. The changes include contract provisions relating to territorial modification and ten-day termination notice and a requirement that Plaintiff undergo training regarding a new CD–ROM product. The Court has carefully considered the factors enumerated in *Community for Creative Non–Violence v. Reid*, 490 U.S. 730, 751–52, 109 S.Ct. 2166, 2178–79, 104 L.Ed.2d 811 (1989), as well as Defendants' application of the facts of this case to the test, and finds that Defendant has produced overwhelming evidence to support its position that Plaintiff was an independent contractor at all relevant times. Plaintiff wholly fails to provide any competent evidence to survive summary judgment on this matter.

Accordingly, the Court will grant Defendant's Motion for Partial Summary Judgment in its entirety. The Court also notes that this matter appears to be ripe for mediation or some other form of ADR. The Parties will report to the Court on the status of ADR within 10 days.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File Six–Page Supplemental Opposition to Defendants' Motion for Partial Summary Judgment and Defendants' Reply to Plaintiff's Opposition is hereby DENIED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants' Motion for Partial Summary Judgment is hereby GRANTED and that Plaintiff's claims for intentional infliction of emotional distress; violations of the Texas Business Opportunities Act; that Plaintiff owned a franchise under federal law; constructive fraud; breach of duty of good faith and fair dealing implied in contracts; breach of duty of good faith and fair dealing in a franchise relationship; breach of a fiduciary duty; and that Plaintiff was an employee of Defendant CPA are hereby DISMISSED WITH PREJUDICE.

---

1. The Court does not determine for purposes of this Order whether Plaintiff had a franchise under Pennsylvania or Texas law. Similarly, the Court does not determine which law governs the claims remaining in this dispute.

IT IS FURTHER ORDERED that the Parties file an ADR report with the Clerk of the Court on or before September 18, 1997 which summarizes the ADR procedures utilized to date and any plans to utilize ADR in the future.

