Loretta CALVIT

v.

The PROCTER & GAMBLE MANUFACTURING COMPANY.

No. Civ.A. 98–556–A.

United States District Court, M.D. Louisiana.

May 15, 2002.

Michael P. Bienvenu, Seale, Smith, Zuber & Barnette, Baton Rouge, Louisiana, for plaintiffs.

Dominic J. Gianna, Alan D. Weinberger, Middleberg, Riddle & Gianna, New Orleans, Louisiana, for defendants.

## RULING ON MOTIONS

JOHN V. PARKER, District Judge.

This matter is before the court on a motion by defendant, Proctor & Gamble Manufacturing Company ("P & G"), for summary judgment (doc. 120), upon defendant's motion to exclude expert testimony (doc. 128), and a motion for partial summary judgment by plaintiff (doc. 124). Plaintiff has filed oppositions to defendant's motions and P & G opposes plaintiff's motion. Federal subject matter jurisdiction is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. There is no need for oral argument.

### Law and Discussion

## I. Defendant's Motion to Exclude Expert Testimony

Since both motions for summary judgment relate to P & G's motion to exclude the testimony of Dr. Gomer, we turn to that motion first..

The defendant argues that without expert evidence, the plaintiff cannot establish that there is a genuine issue for trial. The facts of this case shall be decided by a jury and resolution of the factual issues does not depend upon the testimony of an expert. It is the sufficiency of the evidence presented at trial that begets a genuine issue for trial, not expert testimony.

The defendant filed a motion to exclude the expert testimony of Dr. Gomer (doc. 128). The defendant argues that Dr. Gomer's testimony is inadmissible and should be excluded because (1) it is based upon incorrect facts; (2) it is not helpful to the trier of fact; and (3) it fails the Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d

469 (1993), requirements. The plaintiff opposes this motion (doc. 140).

Federal Rule of Evidence 702 provides: If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Assuming the witness is qualified, the question whether he may testify as an expert turns mostly on whether his testimony will help the trier of fact understand the evidence or determine a fact in issue. Expert testimony on matters of science must also satisfy a reliability standard.

Dr. Gomer is tendered as an expert in "human factors engineering" and according to counsel for plaintiff, he "will offer opinions at trial as a human factors expert regarding the behavioral tendencies of consumers to the effect that ordinary users of products, especially repeat users of products, will not read [directions] sections but will instead only review pertinent [warnings] material regarding contemplated uses for products," (plaintiff's memorandum p. 4). As noted, defendant vigorously attacks the reliability of the expert's methodology and opinions.

The court must concede that Dr. Gomer appears to be the ultimate "all purpose" expert. He offers his construction of the applicable law (both state and federal) and declares that, "The proximate cause of the injuries sustained by the plaintiff was the lack of an adequate warning that instructed against placing VapoRub into a container in which water is being heated." He

offers this resolution of the case despite the undisputed fact that the following language was prominently displayed upon the box in which defendant shipped the product and the label affixed to the product used by plaintiff:

> DO NOT HEAT. NEVER EXPOSE VAPORUB TO FLAME, MICROWAVE, OR PLACE IN ANY CONTAINER IN WHICH YOU ARE HEATING WATER. SUCH IMPROPER USE MAY CAUSE THE MIXTURE TO SPLATTER.

"Human factors" experts appear to this court to resemble the old time "jack of all trades;" "he is master of none."

In any event, the court concludes that a jury will not benefit from exposure to "human factors" experts in this case. Their opinions, such as the one quoted above and the contrary opinions offered by defendant's "human factors" experts will not aid the jury in determining the facts. The court also concludes that the fact issues in this case are not beyond the common understanding of the average juror and thus conflicting expert opinions will not assist, indeed, they are more likely to confuse, the jury. The adequacy of the warning is a factual issue which the jury can handle without expert help from either side.

The issue to be decided by the jury, applying appropriate instructions on the law, is whether, considering all the circumstances, the "warning or instruction" provided by defendant was sufficient to deter an ordinary reasonable user from acting as plaintiff did. R.S. 9:2800.53(9).

While the views, suggestions and opinions of "human factors" experts may well be helpful to manufacturers and others who are preparing and designing labels for products, the court concludes that no expert for either side will be allowed to tell the jury how to decide this case. *Garwood v. International Paper Co.*, 666 F.2d 217 (5th Cir.1982); *Washington v. Armstrong World Industries, Inc.*, 839 F.2d 1121 (5th Cir.1988).

The motion of defendant will be granted and the court *sua sponte* rules that no "human factors" expert will testify to the jury.

## II. Defendant's Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial.[1] The non-movant must produce more than a mere scintilla of evidence in its favor, and may not rest upon mere allegations or denials or its pleading. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must resolve all factual inferences in favor of the plaintiff. *Abbott v. Equity Group, Inc.*, 2 F.3d 613 (5th Cir.1993).

This case is brought under the Louisiana Products Liability Act, La.R.S. 9:2800.51, *et. seq.* and specifically is an action based upon a claim of an inadequate warning, pursuant to La.R.S. 9:2800.53(7). The defendant contends "... the plaintiff cannot prove 'that, at the time of manufacture, [P & G] should [have] reasonably expect[ed] ... that an ordinary' user of the [product] would [use it as plaintiff used it at the time

---

1. Local Rule 56.2M requires "[e]ach copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts as to which there exists a genuine issue to be tried".

of the injury]." (defendant's memorandum, p. 2).

In sum, the defendant argues that since it placed a statement on the label of the product, which provided that the product should not be heated in any manner, the defendant expected consumers would not heat the product. Therefore, according to the defendant, since the plaintiff cannot prove that the defendant should have reasonably expected an ordinary user of this product to use the product in this particular manner, the defendant is entitled to summary judgment.

The Louisiana Products Liability Act (LPLA), La.R.S. § 9:2800.51 *et. seq.,* provides that the manufacturer of a product is liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity. Id. § 9:2800.54. Under the LPLA, a product is unreasonably dangerous if, *inter alia,* the manufacturer fails to provide an adequate warning about the dangers of using the product. La.R.S. 9:2800.53(7), 9:2800.54(B)(2), and (3). The term "reasonably anticipated use" means a use or handling of a product that the product's manufacturer should reasonably expect of an ordinary person in the same or similar circumstances. Id. § 9:2800.53(7).

■ The claimant has the burden of proving the elements of reasonably anticipated use, unreasonable dangerousness for lack of adequate warning and proximate causation. Id., § 2800.54(D). Thus, the plaintiff has the burden of producing evidence and persuading the jury to find by a preponderance of the evidence that her

injury arose from a reasonably anticipated use of the product and that her damage was proximately caused by the lack of an adequate warning. *Ellis v. Weasler Engineering Inc.,* 258 F.3d 326 (5th Cir.2001). The existence of each of these elements is ordinarily a question of fact or of mixed fact and policy to be decided by the jury based upon the evidence and circumstances presented by the particular case. *Id.* In the *Ellis* case, the court stated that the court's function on a motion for summary judgment concerning a reasonably anticipated use is to determine whether there is a legally sufficient evidentiary basis in a particular case for a reasonable juror or trier of fact to find for the plaintiff. *Id.* at 335, 336.

■ In this case, there are not sufficient undisputed material facts to allow the court to make such a determination. Accordingly, the motion for summary judgment on behalf of defendant will be denied.

### III. Plaintiff's Motion for Partial Summary Judgment

The plaintiff filed a motion for partial summary judgment[2] (doc. 124) seeking a ruling that is dispositive "on the issue of fault/breach of duty by the [defendant] either under the doctrine of negligence *per se* for violating the federal statutory standard of care or as being in violation of LPLA." The defendant opposes this motion.

Plaintiff quotes 21 C.F.R. 369.10, a regulation issued by the Federal Drug Administration, relating to labeling of products and cites the opinion of her (now excluded) expert that the label used by P & G in this case "violates" that regulation. Since, ac-

---

2. The court notes that plaintiff submits a copy of a container cap allegedly from a container of VapoRub manufactured by defendant at some unspecified time. The cap is authenticated only by the affidavit of counsel for plaintiff. While this court certainly believes in full-service law firms, it will not permit a lawyer to act as both the lawyer in the case and also as a witness. Accordingly, the court ignores this tendered evidence.

cording to plaintiff, the federal law "preempts" state law, P & G "was in violation of federal statutory standard of care and was negligent **per se**" (plaintiff's memorandum p. 10) and the court should so hold.

The only authority cited by plaintiff in support of her assertion that P & G's label "violates" the regulation is her (now excluded) expert. No provision of the Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301–392, is cited as evidence of congressional intent to preempt state law; nor does plaintiff offer any jurisprudence so holding.

The court has neither the time nor the inclination to search for law which would either support or undercut plaintiff's assertions. The court will simply deny the motion for summary judgment because it has not been established factually or legally as required by Fed.R.Civ.P. 56.

## IV. Conclusion

Accordingly, for the reasons assigned, the motion by defendant for summary judgment (doc. 120) is hereby DENIED; the motion by the defendant to exclude the testimony of the plaintiff's expert (doc. 128) is hereby GRANTED; and the motion by the plaintiff for partial summary judgment (doc. 124) is DENIED. The court *sua sponte* rules that no testimony by "human factors engineering" experts will be allowed at trial.