**Willard R. RUSHING and Patricia Ann Rushing, Plaintiffs,**

v.

**KANSAS CITY SOUTHERN RAILWAY COMPANY, Defendant.**

**No. CIV.A.3:97–CV–419BN.**

United States District Court, S.D. Mississippi, Jackson Division.

July 29, 1998.

Thomas W. Prewitt, Thomas W. Prewitt, Attorney, Jackson, MS, for Plaintiffs.

Charles T. Ozier, Wise, Carter, Child & Caraway, Jackson, MS, for Defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

Willard and Patricia Rushing ("Plaintiffs" or "Rushings") filed this claim alleging that the noise emissions from the rail yard of Kansas City Southern Railway ("Kansas City" or "Defendant") are a nuisance. This cause is before the Court pursuant to Defendant's Motion for Partial Summary Judgment. At issue is whether the Plaintiffs' nuisance claim is preempted by the Noise Control Act. Having considered the Motion, briefs of the parties, and applicable legal authorities, the Court finds that Defendant's Motion for Partial Summary Judgment is well taken and is granted.

## I. BACKGROUND

The Rushings live at 1845 Twin Pine Drive in Pearl, Mississippi. Kansas City Southern Railway Company operates a switching station fifty-five feet from the Rushings' home. Kansas City has operated this station since 1990. The Rushings claim that they have tolerated unbearable levels of noise caused by trains switching cars, brakes screeching, and horns blowing at all hours of the day and night. Plaintiffs claim that some of the noise is created because Kansas City allows the cars to roll down an incline and collide with other cars at the lower end. When the cars collide, Plaintiffs claim that their house vibrates, the windows rattle, the dishes in the cupboard shake, and the pictures fall from the walls. Plaintiffs filed a lawsuit in state court alleging that the daily activity in the switching yard constitutes a private nuisance. Plaintiffs claim that their lifestyle and quality of life have been severely diminished. Kansas City removed this action to this Court on the grounds that the parties are completely diverse and has filed a Motion for Partial Summary Judgment.

Kansas City claims that it is entitled to summary judgment for two reasons: (1) Plaintiffs' allegations that it is creating an unreasonable level of noise emissions and vibrations through its operation at the rail yard are preempted by the Noise Control Act of 1972, 42 U.S.C. § 4916 and (2) the switching activities conducted at the rail yard are in the public interest and cannot be the subject of a claim for private nuisance.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–324, 106 S.Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir.1980). Summary judgment is improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir.1962).

## III. DISCUSSION

### A. Does the Noise Control Act Preempt Plaintiffs' Private Nuisance Claim?

■ The Noise Control Act 42 U.S.C. § 4916 ("NCA") sets maximum noise emissions for rail cars engaged in interstate commerce. The NCA preempts any state and

local regulation that is inconsistent with the standards set by the NCA.

Section (c) of the NCA provides in pertinent part:

(c) State and local standards and controls. (1) ... no state or political subdivision thereof may adopt or enforce any standard applicable to noise emissions resulting unless such standard is identical to a standard applicable to noise emissions resulting from such operation prescribed by any regulation under this section.

42 U.S.C. § 4916(c)(1).

At least one federal court has recognized that "noises emitted by ... the movement of ... locomotives and railway cars in marshalling and switching yards ... have been preempted" by the NCA. *Consolidated Rail Corp. v. City of Dover*, 450 F.Supp. 966, 972 (D.Del. 1978).

In *Dover*, the City of Dover created a noise ordinance that regulated noise levels allowed by railroad operations in residential areas. The defendant sought a permanent injunction against the enforcement of the noise ordinance. The Court held that the ordinance promulgated by the City of Dover was preempted by the NCA because it was not identical to federal regulations.

■ Thus, state law cannot impose stricter standards than the Noise Control Act. Stated differently, a defendant railroad is insulated from any state law claims if its noise levels are in compliance with the NCA.

The Court notes that Section 201.10 et. seq. of the Code of Federal Regulations set noise emission standards that apply to locomotive and rail cars that operate in interstate commerce. Section 201.15 regulates noise emissions from switching operations at a rail yard. Section 201.15 provides that "no carrier subject to this regulation shall conduct car coupling operations that exceed an adjusted average maximum Aweighted sound level of 92 dB ..."

The common law nuisance claim filed by the Plaintiffs based on noise is preempted by the NCA because through that claim, Plaintiffs seek to impose on the Defendant a stricter standard than that imposed by the NCA. Defendant has established through the expert testimony of Dr. Seidemann that the noise emissions emanating from the rail yard of the Defendant fall within the federal guidelines. Thus, to the extent that Plaintiffs' nuisance claim relies on allegations of excessive noise caused by locomotive, rail car, or coupling operations, it is preempted by the NCA.

## B. Is Plaintiffs' Private Nuisance Action Based on Noise Emissions from Locomotive Whistles also Preempted?

■ The Plaintiffs also allege that the whistle blowing by the trains contributes to the excessive noise level. The Defendant correctly points out that 42 C.F.R. § 201.10 does not apply to noise caused by warning devices (whistle/horns) on locomotives.

Defendant claims that any nuisance claim based on the blowing of whistles is preempted by the Federal Railroad Safety Act of 1970, 45 U.S.C. §§ 421–444 ("FRSA"). The FRSA prescribes minimum sound levels for warning devices on trains. At least one federal court has recognized that a plaintiff "may well be able to establish that the federal government has occupied the field of regulation of locomotive warning devices and railroad safety." *Norfolk Southern Ry. Co. v. City of Hapeville*, 779 F.Supp. 601, 604 (N.D.Ga.1991).

The whistles on the trains of Kansas City are sounded as the trains approach a grade crossing and before the trains move backwards. Since the whistles are sounded in the interest of safety and Plaintiffs have produced no evidence that minimum sound levels of the FRSA have been exceeded, the Court finds that any nuisance claim based on excessive noise caused by the whistles of the train is also preempted.

## C. May Plaintiffs Bring a Nuisance Claim based on Vibrations Caused by the Locomotives?

■ In the alternative, Plaintiffs argue that they may bring a nuisance action based on vibrations caused by the locomotives at the rail yard of the Defendant. Plaintiffs claim that since vibration, shock, and impact are not mentioned in the NCA, Congress has not preempted this area.

Although Plaintiffs' creative argument that the NCA does not extend to a nuisance claim based on excessive vibration has facial appeal, the Court is not persuaded by this argument. Kansas City correctly points out that the equipment which is the subject of Plaintiffs' nuisance claim has been regulated. Since there is a direct correlation between the level of vibrations and the level of noise, the Court finds that the two are one in the same and therefore Plaintiff's nuisance claim based upon excessive vibrations will be dismissed.

### D. Plaintiffs' Motion to Supplement Response to Motion for Partial Summary Judgment.

■ The Court notes that the expert of the Defendant found that the noise levels generated by its activities were below the levels allowed by the NCA. This testimony weighed heavily in the decision of the Court to find that Plaintiffs' nuisance claim was preempted by the NCA. After the deadline for designating experts set forth in the case management plan had expired, Plaintiffs hired Employment Health Services ("EHS") to measure sound levels produced by the railway activities of the Defendant. Plaintiffs hired EHS solely to respond to the Motion for Partial Summary Judgment of the Defendant. EHS recorded noise levels inside the Plaintiffs' home of 105.0 dB. The Court notes that this level is higher than the level permitted by the NCA and higher than the level recorded by the expert of the Defendant.

The Court will not consider this evidence in ruling on the summary judgment motion because Plaintiffs designated their expert witness after the deadline set in the case management schedule. Plaintiffs did not file a request for leave to designate expert witnesses out of time. Since Plaintiffs designation of their expert was untimely, they have not demonstrated that a triable issue exists on the nuisance claim because the testimony of their expert would not be admissible at trial. Accordingly, the Court will not consider Plaintiffs' expert report and will grant partial summary judgment in favor of the Defendant on Plaintiffs' nuisance claim.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that the Motion for Partial Summary Judgment and Motions to Supplement the Motion [32–1, 40–1 and 41–1] filed by Defendant Kansas City Southern Railway are well taken and are granted.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Amend [44–1] their response to Defendant's Motion for Partial Summary Judgment is not well taken and is denied.