**UNITED STATES of America,**
**Plaintiff,**

v.

**SOUTHLAND OIL COMPANY,**
**Defendant.**

**No. CIV.A.3:03cv762BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

July 13, 2004.

Bruce T. Russell, Washington, DC, Dunn Lampton, U.S. Attorney's Office, Gulfport, MS, for plaintiff.

C. Ted Sanderson, Copeland, Cook, Taylor & Bush, Ridgeland, MS, for defendant.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on Defendant's Motion for Summary Judgment. Having considered the Motion, Response, Rebuttal, attachments to each, as well as supporting and opposing authority, the Court finds that Defendant's Motion for Summary Judgment is not well taken and should be denied.

## I. Background and Procedural History

Defendant Southland Oil Company (hereinafter "Southland") is a refiner and wholesale distributor of various petroleum products. As a wholesale distributor, Defendant purchases petroleum products from various suppliers in Mississippi and Louisiana and stores the petroleum products in several terminals throughout Mississippi.

Defendant contracted with James Nunn, a retail sales contractor doing business as Nunn Oil Co., Inc., to lease and independently operate Defendant's bulk plant facility located in Kosciusko, Mississippi. Nunn leased and maintained the bulk plant facility, stored Defendant's gas and diesel products, and sold and distributed fuel to customers. As Nunn made sales of fuel to customers, Nunn paid Defendant by making deposits into Defendant's bank account. Under Defendant's internal control practices, Nunn was required to prepare bank deposit reports showing the deposits and submit the reports to Defendant.

During the period from January 1998 through August 2001, Nunn engaged in a scheme whereby he made cash sales of fuel to customers whose sales were subject to federal excise taxes. Nunn apparently charged the federal excise tax to those customers. However, Nunn then represented to Defendant that these sales of fuel were made to governmental entities that were not subject to the federal excise tax. Defendant, relying on the reports submitted by Defendant, filed claims with the Internal Revenue Service (hereinafter the "IRS") for refunds of the excise taxes. Defendant received the refunds based on the claims submitted by Defendant.

In the fall of 2001, Defendant discovered Nunn's scheme and informed state and federal authorities, including the IRS. Nunn was prosecuted by the State of Mississippi, and he pled guilty to evasion of Mississippi excise taxes.

On June 2, 2003, the United States of America (hereinafter the "Government") filed this action for recovery of alleged erroneous refunds of certain federal gasoline excise taxes paid to Defendant by the IRS. On June 4, 2004, Defendant filed its Motion for Summary Judgment arguing that the claims of the Government are barred by the statute of limitations. This motion is now ripe for consideration.

## II. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who

fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact, *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–24, 106 S.Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir.1962).

## III. Analysis

■ Under 26 U.S.C. § 7405, the Government has the authority to bring a civil action to recover any portion of a tax refund which has been erroneously refunded. However, 26 U.S.C. § 6532(b) provides that

[r]ecovery of an erroneous refund by suit under section 7405 shall be allowed only if such suit is begun within 2 years after the making of such refund, except that such suit may be brought at any time within 5 years from the making of the refund if it appears that any part of the refund was induced by fraud or misrepresentation of a material fact.

Defendant argues that the claims of the Government for refunds made prior to June 2001 are barred by the 2 year statute of limitations because Defendant did not induce any of the refunds by fraud or misrepresentation of material facts. Defendant argues that any fraud committed by Nunn cannot be imputed to Defendant for purposes of § 6532(b). The Government however argues that it is entitled to the 5 year limitation period under § 6532(b) because the refund was induced by fraud or misrepresentation of a material fact.

■ In interpreting 26 U.S.C. § 6532(b), the Court notes that the United States Supreme Court has repeatedly held that "[s]tatutes of limitations sought to be applied to bar rights of the government, must receive a strict construction in favor of the government." *See Badaracco v. Comm'r*, 464 U.S. 386, 392, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984) (quoting *Lucia v. United States*, 474 F.2d 565, 570 (5th Cir. 1973) (stating that "limitations statutes barring the collection of taxes otherwise due and unpaid are strictly construed in favor of the Government.")). Under a plain reading of § 6532(b), Defendant need

not have "committed" fraud or have fraud "imputed" to it for the Government to have the benefit of the longer period to investigate and recover erroneous refunds. 26 U.S.C. § 6532(b) does not require that Defendant or any agent of Defendant be the one who committed the fraud or misrepresentation. In this case, Nunn engaged in a fraud upon Defendant that caused Defendant to misrepresent the amount of tax-exempt sales of gasoline to the IRS. Any fraud committed by Nunn does not have to be imputed to Defendant in order to extend the statute of limitations to 5 years. Therefore, the Court finds that the Government is entitled to the 5 year statute of limitations and that the Court must deny Defendant's Motion for Summary Judgment.

## IV. Conclusion

Based on the holdings presented above.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [21–1] is hereby denied.