316 B.R. 477 (2004)
In re GPR HOLDINGS, L.L.C., Debtor.
GPR Holdings, L.L.C., Plaintiff,
v.
Duke Energy Trading and Marketing, L.L.C., et al., Defendants.
In re GPR Holdings, L.L.C., Debtor.
Bayerische Hypo-Und Vereinsbank Aktiengesellschaft, New York Branch, Plaintiff,
v.
Duke Energy Trading and Marketing, L.L.C., Defendant.
In re Aurora Natural Gas, L.L.C., Debtor.
Robert Newhouse, Trustee for Aurora Natural Gas, L.L.C., Plaintiff,
v.
Duke Energy Trading and Marketing, L.L.C., Defendant.
Bankruptcy Nos. 01-36736-SAF 11, 01-36709-SAF-7. Adversary Nos. 03-3430, 03-3406, 03-3615.
United States Bankruptcy Court, N.D. Texas, Dallas Division.
September 30, 2004.
*478 Alan L. Busch, Gerard, Singer, Levick & Busch, P.C., Addison, TX, for Robert Newhouse, Trustee.
John C. Wynne, Andrews & Kurth, LLP, Houston, TX, for Duke Energy Trading and Marketing, LLC.
Patrick J. Neligan, Jr., Neligan, Tarpley, Andrews & Foley LLP, Dallas, TX, for GPR Holdings, L.L.C.
Lewis T. LeClair, McKool Smith, Dallas, TX, for Bayerische Hypo-und Vereinsbank Aktiengesell-schaft, New York Branch.

MEMORANDUM OPINION AND ORDER
STEVEN A. FELSENTHAL, Chief Judge.
In these consolidated adversary proceedings, Duke Energy Trading and Marketing, L.L.C. (Duke), moves for partial summary judgment dismissing claims brought by Robert Newhouse, the Chapter 7 trustee for the bankruptcy estate of Aurora Natural Gas, L.L.C, except the claim to avoid a transfer under 11 U.S.C. § 548(a)(1)(A). Newhouse opposes the motion. The court conducted a hearing on the motion on September 10, 2004.
Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Washington v. Armstrong World Indus., Inc., 839 F.2d 1121, 1122 (5th Cir. 1988). On a summary judgment motion the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Anderson, 477 U.S. at 255, 106 S.Ct. 2505. A factual dispute bars summary judgment only when the disputed fact is determinative under governing law. Id. at 250,106 S.Ct. 2505.
The movant bears the initial burden of articulating the basis for its motion and identifying evidence which shows that there is no genuine issue of material fact. Celotex, 477 U.S. at 323, 106 S.Ct. 2548. The respondent may not rest on the mere allegations or denials in its pleadings but *479 must set forth specific facts showing that there is a genuine issue for trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
When the court concludes that summary judgment is inappropriate, it may merely enter an order denying the motion. Material fact disputes and competing factual inferences need not be discussed in an order denying a motion, as those factual disputes will necessarily be addressed at trial.
As relevant to this motion, in his second amended complaint, Newhouse seeks to avoid transfers of $19,121,139 to Duke under 11 U.S.C. §§ 547, 548(a)(1)(B), 544(b) and 550. Newhouse alternatively seeks a money judgment for breach of contract with attorney's fees. Newhouse challenges setoffs made by Duke as contrary to 11 U.S.C. § 553(b), objects to Duke's claim in the Aurora bankruptcy case, and, if the claim is allowed, seeks to subordinate the claim. Duke contends, in its motion for partial summary judgment, that 11 U.S.C. §§ 362(b)(6) and 546(e) shield Duke from liability to the bankruptcy estate.
Under § 546(e), the trustee may not avoid a transfer that is a "settlement payment" made by or to a "forward contract merchant" that is made before the commencement of the case, except under § 548(a)(1)(A). Section 362(b)(6) excludes from the automatic stay a setoff by a forward contract merchant of any mutual debt and claim under or in connection with a forward contract that constitutes a settlement payment arising out of a forward contract. A "forward contract merchant" means a person whose business consists in whole or in part of entering into forward contracts as or with merchants in a commodity or similar interest. 11 U.S.C. § 101(26). A "forward contract" means a contract (other than a commodity contract) for the purchase, sale or transfer of a commodity or similar interest which is presently or in the future becomes the subject of dealing in the forward contract trade, with a maturity more than two days after the date the contract is entered. 11 U.S.C. § 101(25). A "settlement payment" is broadly defined to include any payment commonly used in the forward contract trade. 11 U.S.C. § 101(51A).
Duke contends that it purchased gas from Aurora under forward contracts, that Duke operated as a forward contract merchant, and that Duke recovered overpayments for delivered gas by effecting settlement payments. The summary judgment evidence establishes that there are genuine issues of material fact concerning each of those contentions, requiring a trial.
Duke purchased natural gas from Aurora and resold the gas to third parties. Duke and Aurora operated pursuant to a series of agreements, including a gas sales and purchase contract, a net out agreement and a June 22, 2001, letter. Duke overpaid Aurora for certain deliveries of gas. The summary judgment evidence suggests that Duke overpaid by making erroneous payments.
Duke entered contracts with affiliates of Aurora, after engaging in transactions with Aurora. There is summary judgment evidence that Duke entered the new contracts in its computer system without deleting the old contracts with Aurora. Newhouse produced summary judgment evidence that Duke manually sent Aurora payments, but also automatically paid for purchased gas. In effect, inferences may be drawn from the summary judgment evidence that Duke twice paid for certain gas delivered, once pursuant to contracts and once outside the contracts. Duke thereafter sought to remedy its error by offsetting the manual payment against *480 future gas purchases. This summary judgment evidence, construed in the light most favorable to Newhouse, supports an inference that Duke made the manual payments erroneously and possibly negligently, but not pursuant to any contract.
Accordingly, considering the summary judgment evidence in the light most favorable to Newhouse, there are genuine issues of material fact of whether Duke effectuated the setoffs to correct the payment pursuant to any contract, let alone a forward contract. There is an additional genuine issue of material fact that, assuming a forward contract existed, Duke was acting as a forward contract merchant when it made the overpayment and then took the corrective, and possibly, extra-contractual setoffs. In re Mirant, 310 B.R. 548, 569 (Bankr.N.D.Tex.2004)(explaining that the Fifth Circuit in In re Olympic Natural Gas Co., 294 F.3d 737 (5th Cir.2002), mandates that such a determination must be made). Even if Duke had been acting as a forward contract merchant, not every transaction by a forward contract merchant is eligible for the protections of §§ 362(b)(6) and 546(e). Mirant, 310 B.R. at 569 n. 33. If the setoffs were taken to correct an erroneous payment not made pursuant to an existing contract, there is an additional genuine issue of material fact of whether the setoffs would qualify as settlement payments even if the parties had entered a forward contract with Duke acting as a forward contract merchant.
Duke contends that the Aurora gas sales contract, or the net out agreement, or the June 22, 2001, letter, constitute forward contracts. Depending on the fact-finding made at trial, the court may not have a need to determine this issue. But, assuming Duke prevails at trial on the issues concerning whether the overpayment and the resulting setoffs may be covered by one of these documents, Newhouse asserts that there are disputed facts regarding whether any constitute a forward contract. For example, Duke contends that the Aurora gas sales contract parallels the forward contract found by the Fifth Circuit in Olympic Natural Gas. The Olympic Natural Gas decision does not quote the contract, but finds that it provided that the parties would monthly enter into a series of individual transactions, after agreeing on the price, quantity, timing, and delivery point of natural gas. The Aurora gas sales contract provides that an agreement for the sale and purchase of gas for a particular period of delivery would be addressed by a confirmation letter. On this summary judgment record, there is a genuine issue of material fact of whether the Aurora gas sales contract itself amounts to a forward contract, even assuming that the manual payment followed by the setoffs can be construed as pertaining to the gas sales agreement.
While Duke has presented summary judgment evidence that it was not a producer, distributor or end-user of natural gas, that does not translate into a fact that Duke was a forward contract merchant in the transaction at issue with Aurora. The court cannot find on this summary judgment record that Duke has established that it was a forward contract merchant in its transactions with Aurora.
Assuming Duke establishes at trial the existence of a forward contract and that it had been acting as a forward contract merchant in its transactions with Aurora, the setoffs must still be settlement payments. The summary judgment record does not support a finding that setoffs to correct prior erroneous payments are payments commonly used in the securities trade. To the contrary, there is a genuine issue of material fact of whether the transfers were atypical and, thus, outside the *481 definition of settlement payments. Furthermore, Newhouse contends that the setoffs amount to transfers not included in the definition of a "payment." The court defers that issue until trial.
Duke maintains that §§ 546(e) and 362(b)(6) had been enacted to protect the commodities and securities markets from the ripple effect of avoidance actions and stay litigation by a bankruptcy trustee. The court cannot conclude on this summary judgment record that the Bankruptcy Code sections cover correcting erroneous payments by setoffs. The court cannot conclude that Congress intended to shield energy companies from bankruptcy trustee avoidance actions of erroneous transfers to somehow protect the commodities and securities markets. Indeed, there is a genuine issue of material fact of whether Duke employed extracontractual remedies to setoff amounts due for natural gas deliveries to correct for the prior erroneous payment. Furthermore, the Code sections cannot be read to subsume and nullify the trustee's avoidance powers. Mirant, 310 B.R. at 568.
Because of the genuine issues of material fact, the court defers consideration of the issues relating to the trustee's claim regarding the automatic stay.
Based on the foregoing,
IT IS ORDERED that the motion for partial summary judgment is DENIED.