In re AURORA NATURAL
GAS, LLC, Debtor.

Robert Newhouse, Chapter 7 Trustee
for the Estate of Aurora Natural
Gas, LLC, Plaintiff,

v.

Texas Eastern Transmission
Corporation, et al.,
Defendants.

Bankruptcy No. 01–36709–SAF–7.
Adversary No. 03–3658.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Oct. 19, 2004.

**482**

Larry Alan Levick, Gerard, Singer, Levick & Busch, P.C., Addison, TX, Counsel for Plaintiff.

John E. Leslie, McManemin & Smith, Dallas, TX, Counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Chief Judge.

Duke Energy Field Services, LP (DEFS), one of the defendants in this adversary proceeding, moves the court for a partial summary judgment, pursuant to Fed.R.Civ.P. 56, made applicable by Bankruptcy Rule 7056, dismissing the complaint of Robert Newhouse, Chapter 7 trustee of the bankruptcy estate of Aurora Natural Gas, L.L.C., the debtor, to avoid a transfer of $727,277.50, except to the extent of the trustee's claim to avoid the transfer under 11 U.S.C. § 548(a)(1)(A). DEFS contends that 11 U.S.C. § 546(e) shields it from liability for what Newhouse alleges to be an avoidable transfer. Newhouse opposes the motion. The court conducted a hearing on the motion on September 13, 2004.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Washington v. Armstrong World Indus., Inc.,* 839 F.2d 1121, 1122 (5th Cir. 1988). On a summary judgment motion the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. A factual dispute bars summary judgment only when the disputed fact is determinative under governing law. *Id.* at 250, 106 S.Ct. 2505.

The movant bears the initial burden of articulating the basis for its motion and identifying evidence which shows that there is no genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The respondent may not rest on the mere allegations or denials in its pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

When the court concludes that summary judgment is inappropriate, it may merely enter an order denying the motion. Material fact disputes and competing factual inferences need not be discussed in an order denying a motion, as those factual disputes will necessarily be addressed at trial.

As relevant to this motion, Newhouse seeks to avoid total transfers to DEFS of $761,948.05 under 11 U.S.C. §§ 547, 548(a)(1)(B), 544(b) and 550. DEFS contends, in its motion for partial summary judgment, that § 546(e) shields it from liability to the bankruptcy estate. The motion addresses $727,277.50 of the total transfer.

On January 1, 2000, Duke Energy Field Services, Inc., and Aurora entered a Base Contract for Short–Term Sale and Purchase of Natural Gas. DEFS is the successor to Duke Energy Field Services, Inc. The Base Contract incorporates the "General Terms and Conditions." The Base Contract provides: "Transaction Procedure: Oral." § 1.2. "Confirm Deadlines: 2 Business Days after receipt (default)." § 2.4. "Payment Date: Last day of Month following Month of delivery." § 7.2. "Method of Payment: Check." § 7.2. The General Terms and Conditions explains that under the "Oral Transaction Procedure 1.2" any gas purchase and sale transaction may be effectuated by electronic transmission or telephone conversation with "the offer and acceptance constituting the agreement of the parties. The parties shall be legally bound from the time they so agree to transaction terms and may each rely thereon. Any such transaction shall be considered a 'writing' and to have been 'signed.' Notwithstanding the foregoing sentence, the parties agree that Confirming Party [defined as both DEFS and Aurora] shall, and the other party may, confirm a telephonic transaction by sending the other party a Transaction Confirmation . . ."

In December 2000, DEFS sold gas to Aurora, at an aggregate cost of $753,710.00. DEFS sent Aurora invoice # 420881, dated January 18, 2001, in the total amount of $753,710.00. Under the Base Contract, Aurora's payment for invoice # 420881 was due by January 31, 2001. Aurora did not pay DEFS by January 31, 2001.

According to the declaration of Andrew J. Walls, DEFS' credit manager, in April 2001, and continuing throughout May 2001, Walls contacted Aurora's officers and employees to attempt to collect the past due debt. On June 6, 2001, DEFS received Aurora's check # 120821, dated June 1, 2001, in the amount of $761,948.05. The check does not reference any DEFS invoice. The parties did not initially agree on the application of the check. Rather, according to the Walls declaration, DEFS and Aurora discussed the application of the funds and reached an agreement to apply $727,277.50 to invoice # 420881, while preserving a dispute for subsequent consideration.

Newhouse seeks to avoid the $761,948.05 transfer. DEFS contends, in the instant motion, that the $727,277.50 application of the transferred funds cannot be avoided under § 546(e) unless Newhouse establishes the application of § 548(a)(1)(A). Under § 546(e), the trustee may not avoid a transfer that is a "settlement payment" made by or to a "forward contract merchant" that is made before the commencement of the case, except under § 548(a)(1)(A).

A "forward contract merchant" means a person whose business consists in whole or in part of entering into forward contracts as or with merchants in a commodity or similar interest. 11 U.S.C. § 101(26). A "forward contract" means a contract (other than a commodity contract) for the purchase, sale or transfer of a commodity or similar interest which is presently or in the future becomes the subject of dealing in the forward contract trade, with a maturity more than two days after the date the contract is entered. 11 U.S.C. § 101(25). A "settlement payment" is broadly defined to include any payment commonly used in the forward contract trade. 11 U.S.C. § 101(51A).

DEFS contends that it sold gas to Aurora under a forward contract, that DEFS operated as a forward contract merchant, and that DEFS received the Aurora check as a partial settlement payment. The summary judgment evidence establishes

that there are genuine issues of material fact concerning each of those contentions, requiring trial.

Newhouse contends that there are genuine issues of material fact regarding whether the parties entered a forward contract. DEFS argues that the Base Contract with the General Terms and Conditions parallels the forward contract found by the Fifth Circuit in *In re Olympic Natural Gas Co.*, 294 F.3d 737 (5th Cir. 2002). The *Olympic Natural Gas* decision does not quote the contract, but finds that it provided that the parties would monthly enter into a series of individual transactions, after agreeing on the price, quantity, timing, and delivery point of natural gas. The Aurora Base Contract does not contain complete terms. The Base Contract provides for transactions to be negotiated based on an oral procedure, to be documented by a transaction confirmation to be submitted by the confirming party. DEFS concedes that the parties did not document oral agreements as contractually required. The General Terms and Conditions provides for invoicing when the actual quantity of gas delivered is not known by the billing date. § 7.1. There is a genuine issue of material fact, therefore, concerning the terms of the contract. There is a further genuine issue of material fact of whether the parties performed pursuant to the Base Contract or outside that contract. The court cannot determine whether the transfer occurred pursuant to a forward contract until the court decides these factual issues at trial.

There is a further genuine issue of material fact of whether, even if a forward contract existed, DEFS was acting as a forward contract merchant when it received the June transfer from Aurora. Assuming DEFS qualifies as a forward contract merchant, not every transaction by a forward contract merchant is eligible for the protections of § 546(e). *In re Mirant*, 310 B.R. 548, 569 n. 33 (Bankr. N.D.Tex.2004). DEFS buys gas from producers, gathers and processes the gas, and then sells the gas to third persons for resale or as end users. The issue in this adversary proceeding involves the avoidance of the June 2001 transfer by Aurora, not the December 2000 transfer of gas by DEFS. Aurora made the June 2001 transfer four months after the contractual time for payment for the December 2000 delivery of gas. Before Aurora made the payment, DEFS engaged in two months of debt collection activity, which it began one month after the payment had been due. When Aurora made the payment, it did not reference the DEFS invoice for the December 2000 gas delivery. Instead Aurora merely issued a check. The parties thereafter negotiated how to apply the funds, but, in doing so, recognized an ongoing dispute. There is a genuine issue of material fact concerning whether DEFS had been acting as a debt collector on a delinquent obligation engaged in a rather standard debtor-creditor relationship addressed by § 547, and not as a forward contract merchant to be protected under § 546(e). At trial the court must determine whether DEFS had been acting as a forward contract merchant when it engaged in the debt collection activity. *See Mirant*, 310 B.R. at 569, explaining that the Fifth Circuit in *Olympic Natural Gas* mandates that such a determination must be made.

Assuming DEFS establishes at trial the existence of a forward contract and that it had been acting as a forward contract merchant in the challenged transaction with Aurora, the June 2001 payment still must be a settlement payment. The summary judgment record does not support a finding that the June 2001 transfer, made four months after the contractual due date, without identification of the January 2001

invoice for the December 2000 gas deliveries, made after two months of collection efforts, and applied only after negotiations, constitutes the type of payment commonly used in the securities trade. To the contrary, there is a genuine issue of material fact of whether the transfer was atypical and, thus, outside the definition of a settlement payment.

Based on the foregoing,

**IT IS ORDERED** that the motion for partial summary judgment is **DENIED**.