Melissa **CLARK, Larry Moffett, Robert Balentine, Michael Brown, Demmie Rhodes, Pearline Arrington, and Tyran Hicks Plaintiffs**

v.

**COMMERCIAL CREDIT CORPORATION, Citifinancial, Inc., American Bankers, Insurance Company of Florida, American Health and Life Insurance Company, Triton Insurance Company, L.C. Whatley, Betty Andrus, B.F. Moss, Debra Bridges, W.G. Carraway, and John Does 1–100 Defendants**

No. CIV.A.3:03 CV 395 BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 7, 2005.

Jarret P. Nichols, Charles E. Gibson, III, Mary Jeanne Gibson, The Gibson Law Firm, Jackson, MS, for Plaintiffs.

James E. Fleenor, Jr., Thomas Ernest Borton, IV, Burr & Forman, LLP, Birmingham, AL, Robert H. Walker, Walter D. Willson, Randy L. Dean, Wells, Marble & Hurst, Suzette F. Breland, Young, Williams, Henderson & Fuselier, Eric Foster Hatten, Michael Devin Whitt, Burr & Forman, LLP, Jackson, MS, for Defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion for Summary Judgment of Defendant American Bankers Insurance Company of Florida (hereinafter "American Bankers"). Having considered the Motion for Summary Judgment, the Response, the Rebuttal, and attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is well taken and should be granted.

## I. Background and Procedural History

Larry Moffett and six other Plaintiffs filed this suit in the Circuit Court of Smith County, Mississippi on October 21, 2002. The essence of this suit is the alleged failure of Defendants to disclose pertinent terms of loan transactions and related contracts of insurance entered into by Plaintiffs. In their Complaint, Plaintiffs assert the following claims: accounting, breach of fiduciary duty, fraudulent misrepresentation and/or omission, negligent misrepresentation and/or omission, civil conspiracy, negligence, unconscionability, fraudulent concealment, estoppel and detrimental reliance, negligent, grossly negligent and wanton failure to monitor and train agents, violation of the Mississippi Unfair or Deceptive Acts and Practices Act, rescission and cancellation, and violation of Miss. Code Ann. § 97–23–3. Plaintiffs seek an unspecified amount of both compensatory and punitive damages.

On March 10, 2003, Defendants removed the subject suit to this Court pursuant to the jurisdictional provisions of 28 U.S.C. § 1332, diversity of citizenship. On April 10, 2003, Plaintiffs filed their Motion to Remand. Subsequent to the filing of the Motion to Remand, an Agreed Order be-

tween all parties was entered which: (1) required Plaintiffs Melissa Clark, Robert Balentine, Michael Brown, Demmie Rhodes, Pearline Arington and Tyran Hicks to submit their claims against Defendants to binding arbitration; (2) dismissed Clark, Balentine, Brown, Rhodes, Arington and Hicks from the case; (3) dismissed all of the individual Defendants (L.C. Whatley, Betty Andrus, B.F. Moss, Debra Bridges and W.G. Carraway); and (4) denied Plaintiffs' Motion to Remand based upon dismissal of all non-diverse Defendants. The Agreed Order was dated January 12, 2004, and filed with the Clerk of the Court on the following day under docket entry no. 17 (hereinafter "January 12 Order"). Plaintiff Larry Moffett is the only remaining Plaintiff.

On April 14, 2004, Plaintiff Moffett filed another Motion to Remand. The *only* issue in the second Motion to Remand was whether the amount in controversy requirement of § 1332 was met.[1] In an Opinion and Order dated June 25, 2004, and filed with the Clerk of the Court on that day under docket entry no. 32, the Court denied the second Motion to Remand, finding that the required amount in controversy was met.

Finally, on November 12, 2004, Defendant American Bankers filed the subject Motion for Summary Judgment. None of the other Defendants joined in the Motion. The Motion for Summary Judgment is now ripe for consideration by the Court.

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also, Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–24, 106 S.Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the

---

1. In addition to complete diversity of citizenship, a finding of federal jurisdiction under § 1332 requires an amount in controversy exceeding $75,000.

province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir.1962).

## III. Analysis

American Bankers contends that the claims against it are barred by the applicable statute of limitations, Mississippi Code Annotated § 15–1–49. Plaintiff does not dispute that § 15–1–49 contains the limitations provisions applicable to the subject claims. The Court agrees that this code section defines the applicable statute of limitations. *See, Andrus v. Ellis,* 887 So.2d 175, 179 (Miss.2004).

In relevant part, § 15–1–49 states: (1) All actions for which no other period of limitation is prescribed shall be commenced within *three (3) years* next after the cause of such action accrued, and not after.

(2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

*Id.* (emphasis added). Under the circumstances of the subject case, the three year limitations period began to run no later than the inception date of Plaintiff's final loan transaction with American Bankers. *See, Andrus,* 887 So.2d at 179. The final loan transaction entered into by Moffett was dated May 11, 1995. Motion for Summary Judgment, Exhibit "B," Disclosure Statement, Note and Security Agreement. The subject suit was filed on October 21, 2002, over seven years after execution of Moffett's final loan transaction, and well after the three year limitations period ex-

pired. This set of facts supports a finding that the subject Motion for Summary Judgment should be granted.

Rather than address the substance of Defendant's statute of limitations argument, Moffett argues that "this defense is applicable to every Defendant, including the Resident [individual] Defendants and therefore constitutes a 'common defense' as described by the Fifth Circuit in *Smallwood v. Illinois Central Railroad* [385 F.3d 568 (5th Cir.2004) ]." Plaintiff's Response to Defendant's Motion to Remand, p. 2, ¶ 6. The "common defense" theory referenced by Moffett is summarized by the following holding from *Smallwood*:

When the only proffered justification for improper joinder [a/k/a "fraudulent joinder"] is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than the in-state defendants alone, the requisite showing of [fraudulent joinder] has not been met.

*Id.* at 575.

Moffett is apparently arguing that American Bankers is barred from now asserting the statute of limitations issue because this "common defense" was argued in Defendant's opposition to Plaintiffs' initial Motion to Remand. The Court is experiencing difficulty understanding the logic behind Moffett's argument. His "common defense" argument *may* have been well received at the removal / remand stage of this litigation, but it is inapplicable in this summary judgment analysis.

To the extent that Moffett is arguing that the Court should revisit the dismissal of the non-diverse individual Defendants, which is not completely clear to the Court, that argument must be rejected as well. At the removal / remand stage of the litigation, the Court never made a finding that the statute of limitations barred

any of the claims of any of the Plaintiffs. No such finding was necessary because Plaintiffs, including Moffett, *agreed* to the dismissal of the non-diverse Defendants. June 12 Order, p. 2, ¶ 3 (stating that "[t]he parties have also agreed that all Plaintiffs shall dismiss all of their claims, with prejudice, against the non-diverse, Individual Defendants in this matter, thus giving the parties complete diversity."). Because dismissal of the non-diverse Defendants was clearly based on an agreement between all parties, the Court will not revisit their dismissal or the removal / remand issue herewith.

### IV. Conclusion

For the reasons stated above, the Court finds that Moffett's claims against American Bankers are time barred. Accordingly, the Motion for Summary Judgment of American Bankers should be granted, and American Bankers should be dismissed from this cause.

This leaves the Court to question whether any claims remain against any of the Defendants in this cause. If none remains, then the case must be dismissed. If Moffett has a claim or claims remaining against the other Defendants (Commercial Credit Corporation, Citifinancial, Inc., American Health and Life Insurance Company or Triton Insurance Company), then the case must progress. This determination cannot be made by the pleadings currently before the Court. Therefore, Counsel for Moffett *and* counsel for the remaining Defendants must separately notify the undersigned, in writing, on or before Friday, **February 18, 2005**, regarding whether Moffett has any remaining claims to be litigated in this cause.

IT IS THEREFORE ORDERED that the Motion of American Bankers for Summary Judgment [33] is hereby granted. American Bankers is hereby dismissed from this cause, with prejudice.

IT IS FURTHER ORDERED that Counsel for Moffett *and* counsel for the remaining Defendants must separately notify the undersigned, in writing, on or before Friday, **February 18, 2005**, regarding whether Moffett has any remaining claims to be litigated in this cause. If all parties agree that Moffett has no remaining claims, a Final Judgment will be entered.